UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY J. MADAY-JOKINEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2373 |
| | § | |
| FLAGSTAR BANK, FSB, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment (Doc. 14) filed by Defendant Flagstar Bank, FSB ("Flagstar") against Plaintiff Mary J. Maday-Jokinen ("Maday-Jokinen") and Third-Party Defendant David Jokinen ("Jokinen"). No response to the motion has been filed; thus, under Local Rule 7.4, it is deemed unopposed.

Having considered the merits of the motion, the facts in the record, and the applicable law, the Court concludes that the motion should be granted.

**I.      Background**

The subject of this dispute is the real property located at 115 Capri Street, Sugar Land, Fort Bend County, Texas 77478 (the "Property"). (Original Pet. ¶ 10, Doc. 1-4). On July 18, 2008, Maday-Jokinen executed a Texas Home Equity Note (the "Note," Doc. 1-4 Ex. A) in the amount of $280,000, plus interest, made payable to Highland Capital Lending, Inc. ("Highland") and its assigns. The Note was secured by a Texas Home Equity Security Instrument (the "Security Instrument," Doc. 1-4 Ex. B), establishing a first lien on the Property. According to Flagstar, Maday-Jokinen defaulted on her payment obligations, and, on October 25, 2012, Flagstar sent her a Notice of Default and Intent to Accelerate. (Def.'s Countercl. ¶¶ 7-8, Doc. 9).

One month later, as Maday-Jokinen had failed to cure her default, Flagstar sent her a Notice of Acceleration. (Doc. 9 ¶ 9).

On July 12, 2011, Maday-Jokinen filed her Original Petition in state court, alleging that Flagstar is not the valid holder of the Note and seeking to prevent foreclosure on the Property. Flagstar subsequently removed the action to this Court, (Notice of Removal, Doc. 1), and filed a Counterclaim and Third-Party Complaint (Doc. 10) against Maday-Jokinen and Jokinen,[1] respectively, asserting that it is the valid holder of the Note and requesting a declaration authorizing foreclosure.

## II.    Legal Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material if, according to the substantive law governing the claims, it is determinative of an element essential to the outcome of the case. *Id.* at 248.

## III.   Discussion

The issue underlying both Maday-Jokinen's Original Petition and Flagstar's Counterclaim and Third-Party Complaint is the same: whether Flagstar is the valid holder of the Note. In support of her claims for a declaratory judgment and to quiet title, Maday-Jokinen alleges that the loan documents evidenced violations of the Texas Constitution; specifically, the

---

[1] Though not a debtor under the Note, Jokinen, as Maday-Jokinen's husband, signed the Security Instrument as required by Texas law.

requirement that the lender "sign a written acknowledgement as to the fair market value of the homestead property on the date the extension of credit is made." (Doc. 1-4 ¶ 14) (quoting Tex. Const. art. XVI, § 50(a)(6)(Q)(ix)). She goes on to state that on July 9, 2012, she sent Flagstar a letter requesting that Flagstar cure the violations within sixty days. (Doc. 1-4 ¶ 14). Maday-Jokinen makes no further factual allegations in support of her claims.

Accepting these allegations as true and viewing them in the light most favorable to Maday-Jokinen, they are still insufficient to survive the motion for summary judgment. On September 4, 2012, Flagstar authored a cure letter (Letter from Hirsch & Westheimer, P.C., to Middagh & Lane, PLLC (Sep. 4, 2012), Doc. 14-13) and attached a fully executed "Lender and Borrower Acknowledgement of Fair Market Value of Homestead Property" (Doc. 14-13 at 3). The relevant provision of the Texas Constitution provides that a defect is cured if the appropriate signatures are obtained within sixty days of receiving the borrower's demand letter, Tex. Const. art. XVI, § 50(a)(6)(Q)(x)(d), and the evidence that this was done is undisputed. Meanwhile, Maday-Jokinen remains in default and, through its competent summary judgment evidence, Flagstar has demonstrated its compliance with all prerequisites to foreclosure. (*See* Doc. 14 ¶¶ 29-36). In sum, as shown by the uncontroverted evidence in the record, Flagstar is the holder of the Note, Maday-Jokinen has defaulted on her mortgage loan, and, as a matter of law, Flagstar is entitled to foreclose on the Property.

Finally, Flagstar requests an award of its attorney's fees under the Texas Declaratory Judgment Act (TDJA), Tex. Civ. Prac. & Rem. Code § 37.009. (Doc. 9 ¶ 14). The TDJA, however, is a procedural mechanism that does not apply in federal court, *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, which does apply in federal court, does not provide the requisite statutory

authority to award attorney's fees in this case, *Mercantile Nat. Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988). Accordingly, Flagstar is not entitled to recover its attorney's fees.

IV.   **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Flagstar's Motion for Summary Judgment (Doc. 14) is **GRANTED** and Maday-Jokinen's case is **DISMISSED**. It is further

**DECLARED** that Flagstar is authorized to foreclose on the real property collateral located at 115 Capri Street, Sugar Land, Fort Bend County, Texas 77478.[2]

SIGNED at Houston, Texas, this 11th day of September, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] In its motion for summary judgment (Doc. 14 ¶ 8) and proposed order granting summary judgment (Doc. 14-14), Flagstar requests authorization to foreclose on the "property located at 4031 Scenic Orchard, Richmond, Fort Bend County, Texas 77469." Because there is nothing in the record indicating that that property is at issue here, the Court will authorize foreclosure only on the property that is the subject of this case. Additionally, in its Counterclaim (Doc. 9 ¶¶ 5-6) and Third-Party Complaint (Doc. 10 ¶¶ 7-8), Flagstar states that the first lien on the Property is "recorded under Document No. 208083528 in the real property records of Fort Bend County, Texas," and that the assignment to Flagstar is "recorded in Fort Bend County as document no. 2012122414." In its motion (Doc. 14 ¶ 7) and supporting affidavit (Bilek Aff. ¶ 3, Doc. 14-1), however, Flagstar states that the Texas Home Equity Security Instrument is "recorded in the Official Real Property Records of Haris County, Texas as Document No. 2008083528," and that the assignment is "recorded in the Official Real Property Records of Harris County, Texas as Document No. 2012122414." The Court strongly suggests that Flagstar correct its administrative errors before proceeding further, as such errors could have grievous substantive effect.